IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RANDALL JOE HALL                                                                                       PETITIONER
REG. #08287-045

V.                                          NO.  2:05CV00143 JWC

LINDA SANDERS, Warden,                                                                          RESPONDENT
FCI, Forrest City, AR

MEMORANDUM OPINION AND ORDER

Randall Joe Hall, an inmate in the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the policy of the Bureau of Prisons (BOP) regarding when a federal prisoner is eligible for transfer to a community corrections center (CCC)[1] (docket entry #1). Respondent has filed a response (docket entry #7), and Petitioner has replied (docket entry #8). For the reasons that follow, the petition will be DENIED.[2]

Petitioner is currently serving a 151-month sentence of imprisonment as a result of his conviction for conspiring to distribute methamphetamine. Assuming receipt of all available good conduct time, he is expected to be released on August 1, 2007. (See Crook Decl. ¶ 3 & att. #2.) Petitioner says that he has requested that he be permitted to serve the last six months of his sentence in a CCC, beginning February 1, 2007, and that prison officials have told him he will be "lucky to get four months of CCC time." He argues that the BOP has erroneously interpreted the applicable statutes regarding CCC placement,

---

[1] CCCs are BOP contract facilities, commonly referred to as halfway houses, and they "provide suitable residence, structured programs, job placement, and counseling, while the inmates' activities are closely monitored." BOP Program Statement 7310.04 ¶ 7(a) (Dec. 16, 1998) (accessible at www.bop.gov/policy/progstat/ 7310_004.pdf).

[2] The parties have consented to the jurisdiction of the undersigned Magistrate Judge (docket entry #4).

that the current BOP policy is contrary to decisions by the Eighth Circuit Court of Appeals and this District Court, and that its application to him violates the *Ex Post Facto* Clause of the United States Constitution. He asks the Court to declare the current BOP policy invalid, bar retrospective application of the policy to him, and direct the BOP to place him in a CCC for the final six months of his sentence.

The BOP policy challenged by Petitioner became effective February 14, 2005, and it provides that the BOP will designate inmates to community confinement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21 (2005). This policy has been declared invalid by multiple decisions from this Court and others because it excuses the BOP from considering the specified statutory factors when determining whether an individual inmate should be placed in a CCC. See 18 U.S.C. § 3621(b) (relevant factors include the resources of the various facilities, the nature and circumstances of the prisoner's offense, the prisoner's history and characteristics, and any recommendations of the sentencing court); see, e.g., Mitchell v. Sanders, No. 2:05cv00156-JWC (E.D. Ark. Oct. 11, 2005) (§ 3621(b) requires the BOP to consider the listed factors before determining the appropriate facility for an inmate, and the February 2005 rule fails to consider these factors with respect to placement of inmates in a CCC); Fults v. Sanders, No. 2:05cv00091-GH (E.D. Ark. July 26, 2005) (same); Pimentel v. Gonzales, 367 F. Supp. 2d 365, 374 (E.D.N.Y. 2005) (the February 2005 rule categorically "removes all discretion in all cases in determining whether to transfer an inmate to a CCC at any time prior to the last ten percent of the inmate's sentence"). These decisions are based on the Eighth Circuit's ruling in Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), which invalidated the

BOP's December 2002 policy regarding CCC placement. The recent decisions have found that the February 2005 policy is merely a repackaging of the December 2002 policy that was rejected in Elwood. In granting federal habeas relief, the courts have directed the BOP to consider, in good faith, transferring the individual petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP before its adoption of the December 2002 policy, and to formulate a pre-release plan that will afford the petitioner a reasonable opportunity to adjust to and prepare for reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months. Mitchell, supra; Fults, supra.

Here, Respondent contends that Petitioner's request is premature because, due to his projected release date of August 1, 2007, no decision as to CCC placement will be made until mid-2006. Respondent also argues that, because Petitioner is serving a 151-month sentence, the challenged policy does not apply to him because ten percent of his sentence (15.1 months) is more than six months. Therefore, regardless of whether the BOP's old policy or either of the disputed new policies is applied, the maximum amount of community confinement time for which Petitioner would be eligible is six months.

Article III of the Constitution requires that a "case or controversy" exist for standing to bring an action in federal court. U.S. Const. art. III, § 2, cl. 1. For a case or controversy to exist, a plaintiff must suffer an "injury in fact" which is "fairly traceable" to the challenged action of the defendant, and it is "likely, as opposed to merely speculative," that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). A sufficient injury exists only when there is an invasion of a

legally-protected interest that is "concrete and particularized" and "actual or imminent." Id. at 560.

This petition must be dismissed because Petitioner lacks standing. While he wishes to challenge the BOP's February 2005 policy, this policy has not yet been applied to him. Respondent submits the declaration of James D. Crook, a supervisory attorney with the United States Department of Justice. Mr. Crook states that, pursuant to BOP Program Statement 7310.04, the decision whether to refer an inmate for CCC placement is normally made eleven to thirteen months before the inmate's probable release date. (Crook Decl., ¶ 2 & att. #1.) Therefore, no decision regarding Petitioner's eligibility for CCC placement will be made until July 2006, at the earliest. Petitioner concedes that he has not received a formal notification of a CCC placement date. The sentencing calculation sheet submitted by Respondent shows a "pre-release preparation date" of February 1, 2007, which is six months before his projected release date, but there is no evidence that this is the date Petitioner would be deemed eligible for CCC referral. (Crook Decl., att. #2.)

Moreover, Petitioner has not demonstrated that the February 2005 policy will ever be applied to him or that it could have any adverse effect on him. As stated earlier, the rule limits CCC consideration to "the last ten percent of the prison sentence being served, not to exceed six months." For a prisoner to have standing to challenge the policy, he must be affected by its ten percent limitation. Because ten percent of Petitioner's sentence is 15.1 months, *i.e.*, longer than six months, the rule's limitation does not affect him. He thus has not shown that he has suffered, or will suffer, an injury which is fairly traceable to the challenged policy and which could be redressed by a grant of federal habeas relief. Invalidating the February 2005 policy would afford him no relief. See Kadri v. Sanders, No.

2:05cv00140 (JMM/HDY) (E.D. Ark. Sept. 15, 2005) (inmate with 180-month sentence had no standing to challenge February 2005 rule); Varona v. Menifee, No. 04 Civ. 1790(JSR), 2004 WL 1161168, *2 (S.D.N.Y. May 24, 2004) (inmate with 108-month sentence lacked standing to challenge BOP's December 2002 policy); Lewis v. Menifee, No. 04 Civ. 5763, 2004 WL 1857301, *1 (S.D.N.Y. Aug. 19, 2004) (recommending dismissal for lack of standing where inmate had 180-month sentence); see also Sanders v. Menifee, No. 04 Civ. 1483 (DLC), 2004 WL 1562734, *4 (S.D.N.Y. July 13, 2004) (federal prisoner had no standing to pursue § 2241 challenge to BOP's December 2002 policy where "[t]he change wrought by that policy does not affect [the prisoner]").

Petitioner argues that he should be "guaranteed" six months in a CCC and that he has been told he will receive no more than four months of CCC placement. Petitioner misconstrues the holdings of Elwood and the decisions invalidating the February 2005 rule. As emphasized by the Eighth Circuit, neither its decision nor the applicable statutes *require* placement in a CCC for the final six months of an inmate's sentence. Elwood, 386 F.3d at 847. The BOP is simply required to formulate a plan of pre-release conditions, which *may* include CCC placement, without categorically limiting the possibility of CCC placement to the last ten percent of the inmate's sentence. Similarly, the district court decisions regarding the February 2005 Rule merely require the BOP to consider in good faith six months of CCC placement and to formulate a pre-release plan. Nothing in the decisions mandates that the BOP designate any inmate for CCC placement at any time, much less for the full six-month period.

Petitioner has not shown that he has been, or ever will be, affected by the BOP's February 2005 policy change; therefore, he lacks standing to pursue this claim.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus is DENIED, thereby denying this petition in its entirety without prejudice.

IT IS SO ORDERED this 13th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE